FRUTO RAMOS, Plaintiff and Appellant *v*. MARÍA PUIG DE CHANDRI ET AL., Defendants and Appellees.

No. 8597. Argued November 6, 1942.—Decided November 20, 1942.

*Francisco González Fagundo* for appellant. *Henry G. Molina* and *Hernán R. Franco,* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Fruto Ramos filed an injunction proceeding before the District Court of Humacao to recover the possession of a two acre (*cuerdas*) farm. He alleged that he had been in possession of the property for more than a year prior to the filing of the complaint, and that he was in possession on March 30, 1942, at which date he was dispossessed by virtue of an order entered by the District Court of Humacao in a mortgage foreclosure proceeding instituted by defendants herein against Deogracias Ozorio.

Defendants alleged that the complaint did not state facts sufficient to constitute a cause of action. And in answering the complaint they admitted that they were put in possession by virtue of the above-mentioned judicial decree, but they denied that the plaintiff was in possession of the farm at any time whatsoever and denied that he was evicted from the house located on the farm, alleging to the contrary that the plaintiff has never lived in said house.

The demurrer was sustained and judgment was entered dismissing the complaint, and the plaintiff appealed on the ground that the judgment appealed from is erroneous and contrary to law.

It is a fact admitted by both litigants that the defendants were put in possession of the farm by the marshal in fulfillment of a judicial order issued in a mortgage foreclosure proceeding instituted against Deogracias Ozorio.

Act No. 11 of November 14, 1917 (Spec. Sess. Laws, p. 220), which creates the special summary procedure to retain or recover the possession of real property, is inspired by the same principle and seeks to attain the same ends as the interdict (*interdicto*) of the old Law of Civil Procedure.

The fundamental purpose of the interdict as well as of the injunction to retain or recover possession is to afford rapid and efficacious protection to each and every person who, being in quiet and pacific possession of real property, is disturbed or deprived of that possession by the illegal act of another person.

In his Commentaries on the Law of Civil Procedure, vol. 6, p. 120, Manresa says:

"The framers of the Law of Civil Procedure . . . have included under the denomination of *interdicts* (*interdictos*) 'all the civil actions which urgently demand that some step be taken to terminate them, for the reason that they may immediately affect the public order, threaten the security of persons or things or other private rights which could be lost if there are not taken care of rapidly.' "

The deprivation which gives the right to pray for a writ of injunction is that which has been done by the defendants or by another person acting through the defendants' order, without judicial intervention. When possession is taken under the protection and in fulfillment of a judicial mandate, it is improper to issue a writ of injunction to recover possession. The plaintiff should find recourse in the ordinary remedies provided by law for such cases. It was thus held by this court in *Teissonnier* v. *Barnés,* 8 P.R.R. 196, 203, where it was said:

"According to the general opinion of our writers, among them the learned commentator on the Law of Civil Procedure, Manresa y Navarro, both interdicts were based on reasons and principles of public order which are the fundamental rules for the government of society, and sanctioned by our ancient and modern laws, to the effect that every possessor has the right to be respected in his possession, that it is not proper for one to administer justice himself, because it is for this purpose that the courts are provided. So that if in contravention of these principles a person believing himself to have a better right to the possession of a property should enter thereon upon his own authority and dispossess the possessor or disturb him in his possession, then the law would come with the remedy of the interdict to reestablish the social order disturbed, restoring

things to the condition in which they were before the disturbance or the dispossession took place; but if instead of doing this he appealed to the judge and the latter, availing himself of his authority, placed him in possession, then there would be no more ground for the interdict as there would not longer exist any real disturbance of public order, without prejudice to the right which the possessor might have to be respected in his possession, and of which he could make use either by applying to the judge to set aside his order, if he believed the possession to have been improperly given, or by having recourse to the proper judicial proceedings and contest with his adversary as to the ownership of the thing, or the better right to the possession thereof.''

The facts in the *Teissonnier* case and in the instant case are almost identical. The defendant, as the plaintiff himself alleges, took possession of the farm by virtue of and in fulfillment of an order entered in a judicial proceeding to foreclose a mortgage in his favor. If the plaintiff thinks that he has any right to the possession of the farm, his remedy is to appear before the court which entered the order giving the possession of the farm to the defendant and have that court reverse the order, or file the ordinary corresponding action to protect his right. Therefore, the lower court did not err in dismissing the complaint.

See §691 Code of Civil Procedure, 1933; 52 C.J. 1179, §48.

The judgment must be affirmed.

Mr. Justice Snyder did not participate herein.